UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADRIAN I. STONE, pro se and as legal guardian on behalf of C.S., a minor,

                Plaintiff,

v.

LLOYD L. "JOE" PECK, et al.,

                Defendants.

5:25-cv-1209
(ECC/DJS)

---

**Appearances:**

ADRIAN I. STONE, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## DECISION AND ORDER

Pro se Plaintiff Adrian I. Stone commenced this action on behalf of C.S., a minor, on September 3, 2025. The Complaint asserts, among other things, violations of C.S.'s First and Fourteenth Amendment rights in conjunction with his participation in a school track-and-field team. Complaint (Compl.), Dkt. No. 1. On the same date, Plaintiff filed an emergency motion for temporary restraining order and preliminary junction, seeking immediate injunctive relief and monetary damages. Dkt. No. 5. The Court denied Plaintiff's request on September 5, 2025, and issued an order to show cause as to why the Complaint should not be dismissed without prejudice to allow C.S., when properly represented by legal counsel, to reassert his claim. Dkt. No. 7. Plaintiff responded to the order to show cause on September 10, 2025, requesting the appointment

of counsel for his minor children[1] to "safeguard their constitutional rights and allow their claims to be properly asserted and litigated." Dkt. No. 8 at 2-3.

Plaintiff concedes, and the Court agrees, that he cannot appear pro se on behalf of his child. It is well-settled that, with the exception of a limited number of circumstances that are not applicable in this case, a lay person cannot represent another individual — not even his or her own child. *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) ("[A] layperson may not represent . . . a minor child.") (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child." (citing *Cheung*, 906 F.2d at 61)); *Cheung*, 906 F.2d at 61 ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, . . . a lay person may not represent a corporation or a partnership or appear on behalf of his or her own child."). When it is apparent to the court that a pro se plaintiff is suing on behalf of a minor, the court has a duty to protect the child by enforcing, sua sponte, this prohibition against unauthorized representation. *Berrios*, 564 F.3d at 133 ("[W]here no party raise[s] the issue of a child's representation by a non-attorney, the district court [is] required to raise the issue sua sponte." (citing *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998), o*verruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007))); *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 201 (2d Cir. 2002) ("The court has a duty to enforce the *Cheung* rule sua sponte, for the infant is

---

[1] Plaintiff references two minor Plaintiffs, L.S. and C.S., in his response to the order to show cause and request for counsel, however this action has only been sued on behalf of C.S.

always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." (quoting *Wenger*, 146 F.3d at 125)).

Plaintiff has thus moved for the appointment of pro bono counsel to represent C.S. Dkt. No. 8. Under Federal Rule of Civil Procedure 17, the Court has the authority to appoint counsel for minor children or to take other actions "as it deems proper" for their protection. However, the Court "may properly decline to appoint counsel for a minor when it is clear that no substantial claim might be brought on behalf of such a party." *L.V. v. New York City Dep't of Educ.*, No. 19-cv-05451, 2020 WL 6782234, at *4 (S.D.N.Y. Nov. 17, 2020) (citing *Schoon v. Berlin*, No. 07-cv-2900, 2011 WL 1085274 (S.D.N.Y. Mar. 23, 2011) (dismissing claim brought by parent on behalf of minor child and declining to appoint counsel because remainder of claims were without merit); *A.M. ex rel. J.M. v. NYC Dept. of Educ.*, 840 F. Supp. 2d 660 (E.D.N.Y. 2012) (in case brought by parents under IDEA, granting motion for summary judgment and declining to appoint representative for infant because underlying claims were without merit)); *see also Wenger*, 146 F.3d at 125. Here, the Complaint does not allege meritorious claims justifying the appointment of counsel. The crux of Plaintiff's claims concern alleged violations of C.S.'s constitutional rights stemming from his inability to run a specific race at a school track and field event, "something for which students have no constitutionally protected interests meriting due process protections." *Vetrano v. Miller Place Union Free Sch. Dist.*, 369 F. Supp. 3d 462, 471 (E.D.N.Y. 2019) (collecting cases). The Complaint otherwise fails to suggest claims of constitutional proportion for which the appointment of counsel is appropriate.

The Court is mindful that this case cannot proceed if appointment of counsel is not made, unless counsel is otherwise secured on behalf of C.S. However, the court also appreciates that the

3

statute of limitations is tolled until plaintiff reaches the age of majority, which, based on the Complaint, may not be too far-removed. Therefore, in consideration of the above, Plaintiff's request for the appointment of counsel is denied, and the Complaint is dismissed without prejudice. *See Cheung v. Youth Orchestra Found., Inc.*, 906 F.2d at 62 ("If [the non-attorney parent] does not retain counsel and if the district court declines to appoint counsel, the complaint should be dismissed without prejudice."); *Hughes v. Callahan*, No. 97-cv-5652, 1998 U.S. Dist. LEXIS 14840, at *1 (E.D.N.Y. Aug. 3, 1998) ("Accordingly, the Court must either appoint counsel for the child in this case, or dismiss the case without prejudice.").

For these reasons, it is hereby

**ORDERED** that Plaintiff's request for the appointment of counsel, Dkt. No. 8, is **DENIED,** and it is further

**ORDERED** that the Complaint, Dkt. No. 1, is **DISMISSED** without prejudice but without leave to replead until C.S. (and any other proposed minor-Plaintiff) is properly represented by counsel or reaches the age of majority, and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court serve this Decision and Order on Plaintiff in accordance with the Local Rules.

   **IT IS SO ORDERED.**

Dated: October 20, 2025

_____
Elizabeth C. Coombe
U.S. District Judge

4